824 F.2d 327
 Charlie BROYLES, Petitioner,
v.
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Benefits Review Board,
of the United States Department of
Labor; Respondents.
Lisa Kay COLLEY, Petitioner,
v.
BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR;
Director, Office of Workers Compensation Programs,
Respondents.
 Nos. 86-1091, 86-3153.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 2, 1987.
Decided July 31, 1987.
Rehearing and Rehearing En Banc Denied Sept. 30, 1987.
 
 Raymond Thomas Reott (Julian N. Henriques, Jr., Legal Assistance Foundation of Chicago, Erica A. Munzel, Chadwell & Kayser, Ltd., Chicago, Ill., on brief), for petitioner.
 Michael J. Denney, U.S. Dept. of Labor (George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel, Washington, D.C., for Appellate Litigation, on brief), for respondent.
 Before CHAPMAN, Circuit Judge, and BRITT and MACKENZIE, U.S. District Judges, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 The appellants before us are Charlie Broyles and Lisa Colley, who has been substituted to pursue the claim originally filed by her father, the late Bill Colley. Appellants in these two consolidated cases seek review of decisions by the Benefits Review Board (BRB) affirming denials of their claims for disability benefits pursuant to the Black Lung Benefits Act, 30 U.S.C.A. Sec. 901 et seq. (1986). The BRB concluded that the denial determinations, which had been issued by an Administrative Law Judge (ALJ) after hearings, were supported by substantial evidence and contained no prejudicial errors of law. Each appellant contends that the ALJ erred in failing to evaluate the claims under 20 C.F.R. Sec. 410.490. We agree and reverse the BRB's decisions in both cases and remand them for further proceedings.
 
 
 2
 * A miner is entitled to disability benefits under the Black Lung Benefits Act if he is totally disabled by pneumoconiosis arising out of his coal mine employment. See 30 U.S.C. Secs. 901(a) and 902(b) (1986). Congress and the various agencies responsible for administering the benefits program have recognized that the existence and causes of pneumoconiosis are difficult to determine, and have over the years established a number of evidentiary presumptions to assist miners in proving their claims. Regulations creating presumptions to establish the elements of a claim for benefits have been promulgated in accordance with the legislative mandate to give the benefit of the doubt to claimants. Southard v. Director, OWCP, 732 F.2d 66, 71 (6th Cir.1984). Congress has repeatedly amended the acts to ensure the liberal award of benefits and to rectify what it perceived as a persistent administrative practice of undue strictness in the award of benefits. Director v. Bethlehem Mines Corp., 669 F.2d 187, 190 (4th Cir.1982).
 
 
 3
 The "interim presumption" at 20 C.F.R. Sec. 410.490 was promulgated by the Secretary of Health, Education and Welfare in response to the Congressional directive that he loosen the eligibility requirements for benefits and facilitate prompt processing of claims. Tally v. Mathews, 550 F.2d 911, 916 (4th Cir.1977). When promulgated, however, 20 C.F.R. Sec. 410.490 by its terms applied only to claims filed by living miners before July 1, 1973 or by their survivors before July 1, 1974. 20 C.F.R. Sec. 410.490(b).
 
 
 4
 The interim presumption available under 20 C.F.R. Sec. 410.490 is clearly the least restrictive presumption which has ever been available to a black lung claimant. This interim presumption can be established through an x-ray read as showing pneumoconiosis and a showing that the disability arose out of coal mine employment. The only way to rebut this presumption is to show that the claimant is either doing or capable of doing his usual coal mine work. 20 C.F.R. Sec. 410.490. This regulation provides a standard which is easily met. A somewhat similar interim presumption is provided under 20 C.F.R. Sec. 727.203, however, it requires that the miner in question have ten years of coal mine employment.
 
 
 5
 In contrast, all claims filed after January 1, 1974, see 30 U.S.C. Sec. 931 (1986), were initially adjudicated under more restrictive criteria. These claims were administered by the Secretary of Labor. Initially, no regulations were promulgated to govern the entitlement benefits. Instead, the Secretary of Labor adjudicated these claims under the "permanent" regulations located at 20 C.F.R. Secs. 410.401-410.476.
 
 
 6
 Thus, the Secretary of Labor was adjudicating claims only under the more restrictive permanent regulations at the same time that the Secretary of Health, Education and Welfare was applying the far more lenient interim presumption available at 20 C.F.R. Sec. 410.490 to claims filed before the magic date of July 1, 1973. Congress, perceiving the inequity, enacted the 1978 amendments to the Act in an effort to make the proof of claims more uniform. Director v. Bethlehem Mines Corp., 669 F.2d at 190.
 
 
 7
 The 1978 amendments added 30 U.S.C. Sec. 902(f)(1)(B), which directed the Secretary of Labor to create new "permanent" criteria governing eligibility requirements. Most significantly for the purposes of this appeal, the 1978 amendments provided at 30 U.S.C. Sec. 902(f)(2):
 
 
 8
 Criteria to be applied by the Secretary of Labor in the case of--
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 (C) any claim filed on or before the effective date of [the new, "permanent"] regulations promulgated under this subsection [i.e., under 30 U.S.C. 902(F)(1)(D) ] by the Secretary of Labor ...
 
 
 12
 shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973, whether or not the final disposition of any such claim occurs after the date of such promulgation of regulations by the Secretary of Labor. (Emphasis added)
 
 
 13
 Mr. Broyles initially filed his claim on September 17, 1976. Mr. Colley filed his claim on September 18, 1974. The Secretary of Labor did not effectively promulgate the new "permanent" regulations, located at 20 C.F.R. Part 718, until April 1, 1980. In each appellant's case, the ALJ found that because the claimant did not satisfy the requirement that he have been employed in the coal mines for at least 10 years, he was not entitled to the interim presumption available at 20 C.F.R. Sec. 727.203 and his claims had to be evaluated under the more restrictive regulations found at 20 C.F.R. Secs. 410.401-410.476. The appellants argue that the interim presumption available under Sec. 410.490 should have been applied to their claims.
 
 
 14
 In light of Congress' clear mandate in 30 U.S.C.A. Sec. 902(f)(2) we agree with appellants' position and reverse the decision of the BRB. It is difficult to imagine that Congress picked the date of June 30, 1973, the last day under which the interim presumption would be available under 20 C.F.R. Sec. 410.490, out of a hat. It is far more likely that Congress intended that the liberal interim presumption available under 20 C.F.R. Sec. 410.490 be applied to all claims filed before such time while the Secretary of Labor promulgated the new "permanent" regulations at 20 C.F.R. Part 718. This holding is similar to that made in two other circuits. See Halon v. Director, OWCP, 713 F.2d 21 (3rd Cir.1983); Coughlan v. Director, OWCP, 757 F.2d 966 (8th Cir.1985).
 
 
 15
 The Department of Labor contends that 30 U.S.C. Sec. 902(f)(2) should be read to indicate that the Secretary of Labor may not apply "medical criteria" more restrictive than those that applied to claims pending on June 30, 1973. The Department contends that 20 C.F.R. Sec. 727.203(a), a regulation promulgated by the Secretary of Labor, creates a presumption of total disability using "medical criteria" identical to those available in 20 C.F.R. Sec. 410.490 and thus satisfies the requirements of 30 U.S.C. Sec. 902(f)(2) despite the fact that it conditions the interim presumption on proof by the miner of 10 years of coal mine employment. This argument is not persuasive. The only support the Department offers is ambiguous bits of legislative history which do not support its contention that the word "criteria" in 30 U.S.C. Sec. 902(f)(2) should be read as "medical criteria". See Halon and Coughlan.
 
 
 16
 Both appellants alleged that the administrative decisions at issue contained other errors of law. Although we have considered these arguments, we have found no other prejudicial errors of law. It should be noted, however, that if on remand the 20 C.F.R. Sec. 410.490 presumption is found applicable, certain conflicts in the evidence may require reevaluation, in view of the shift in the burden of proof.
 
 
 17
 Based upon the foregoing, we reverse the decisions of the BRB on these claims, and remand the claims for further proceedings in accordance with this opinion.
 
 
 18
 REVERSED AND REMANDED.