840 F.2d 10
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theodore CHAPMAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3602.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 29, 1987.
Decided Feb. 16, 1988.
 
 Stephen G. Bass, Carter, Craig, Bass & Blair, P.C. on brief for petitioner.
 George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Sylvia T. Kaser, Assistant Counsel for Appellate Litigation, U.S. Department of Labor, Office of Solicitor for respondent.
 Before JAMES DICKSON PHILLIPS and WILKINS, Circuit Judges, and JOSEPH H. YOUNG, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Theodore Chapman petitions for review of a decision of the Benefits Review Board affirming an administrative law judge's (ALJ) denial of his claim for disability benefits pursuant to the Black Lung Benefits Act, 30 U.S.C.A. Sec. 901, et seq. (West 1986). We affirm.
 
 
 2
 Chapman was employed in coal mines sporadically for four years and two months during the period from June 1929 to February 1946. He subsequently worked in the textile industry for 26 years, retiring in 1972. Chapman applied for black lung disability benefits in February 1976, stating that he had developed a cough two years previously which had been persistent since August 1975.
 
 
 3
 To establish a claim for black lung benefits, Chapman was required to prove that he was totally disabled by pneumoconiosis arising out of his coal mine employment. 30 U.S.C.A. Secs. 901(a) and 901(b); Broyles v. Director, OWCP, 824 F.2d 327, 328 (4th Cir.1987). While objective medical test results consisting of x-rays, pulmonary function studies, and blood gas studies did not establish total disability, the ALJ found that the opinions of three physicians supported a conclusion that Chapman was totally disabled from a respiratory or pulmonary impairment. There is no dispute that Chapman met his burden of showing total disability. The issue in dispute is whether he established that the disabling impairment arose from his coal mine employment.
 
 
 4
 The reports of Dr. T. Kerr Laird and Dr. Thomas O'Neill are the only affirmative evidence of the source of Chapman's impairment. Dr. Laird first stated in September 1977 that Chapman had moderate pulmonary emphysema from working in coal mines. In May 1979, Dr. Laird reported that Chapman was totally disabled from chronic obstructive lung disease, but he also indicated that he was not in a position to state that Chapman had pneumoconiosis. Dr. Laird's May 1979 report also noted that Chapman first began complaining of respiratory problems in 1975.
 
 
 5
 Dr. O'Neill first examined Chapman in May 1981 at which time Chapman described a 35-year history of respiratory problems. Dr. O'Neill opined that Chapman had "severe chronic bronchitis, probably multifactorial in origin and probably reflecting his past occupations." In June 1981, after conducting further tests and talking again with Chapman, Dr. O'Neill stated that Chapman's "symptoms and lung disease do indeed reflect his occupational exposure, particularly in the coal mines."
 
 
 6
 The ALJ denied benefits, finding the opinions of Drs. Laird and O'Neill insufficient to establish that Chapman's impairment arose from his coal mine employment. Chapman contends that the ALJ erred in arbitrarily disregarding this medical evidence. We find that the decision of the ALJ was supported by substantial evidence.
 
 
 7
 Rejection of Dr. Laird's September 1977 opinion of coal mine employment as the cause of Chapman's impairment was justified by his subsequent inability to diagnose pneumoconiosis in May 1979. Dr. O'Neill's June 1981 opinion was discredited because it was based on the medical history given by Chapman which the ALJ found unreliable. The ALJ properly rejected the history given to Dr. O'Neill which was inconsistent with Dr. Laird's records and Chapman's 1976 application.
 
 
 8
 AFFIRMED.