881 F.2d 1069
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Floyd ROSE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3874.
 United States Court of Appeals, Fourth Circuit.
 Argued July 12, 1989.
Decided Aug. 2, 1989.
 
 Charles R. Garten, for petitioner.
 Michael John Denney, Counsel for Appellate Litigation (George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Roscoe C. Bryant, III, U.S. Department of Labor, Officer of Solicitor on brief) for respondent.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Floyd Rose appeals the Benefits Review Board's (BRB) denial of his application for black lung benefits. Because we hold that the BRB improperly affirmed an administrative law judge's (ALJ) imposition of sanctions forcing Rose to maintain that he had fewer than ten years of coal mine employment, we vacate and remand.
 
 
 2
 * Rose filed an application for black lung benefits on November 15, 1972. An ALJ for the Social Security Administration (SSA) denied the claim in January 1976, and this denial was affirmed by the SSA Appeals Council in July 1977. In April 1978 Rose requested SSA review following passage and implementation of the Black Lung Benefits Reform Act of 1977, 30 U.S.C. Sec. 945, and the SSA again denied benefits in June 1979, stating that the law permitted consideration only of evidence already on file.
 
 
 3
 Rose appealed this decision to the federal district court in West Virginia, and the district court remanded to the SSA Appeals Council for consideration of certain 1976 medical results not previously in the record. In August 1982, the Appeals Council found on remand that the 1976 evidence, in particular an x-ray report, established the existence of pneumoconiosis and that under 20 C.F.R. Sec. 410.490 Rose should therefore be presumed to be totally disabled due to pneumoconiosis. The Appeals Council also found that the evidence of record tended to show that Rose had more than 10 years of coal mine employment and that therefore as of March 18, 1976, Rose should be presumed to be totally disabled due to pneumoconiosis arising out of his coal mine employment. Because the Appeals Council could not find that Rose was totally disabled due to pneumoconiosis on or before June 30, 1973, however, it could not, under the limits of its jurisdiction, find Rose entitled to black lung benefits.
 
 
 4
 Independent review of Rose's claim by the Department of Labor resulted in denial in December 1979. In 1980, upon consideration of new evidence, the Department of Labor determined that its denial of benefits remained unchanged. Rose then requested a formal hearing.
 
 
 5
 In August 1983, in preparation for this hearing, the Director, Office of Workers' Compensation Programs (Director), served the claimant through counsel with interrogatories and a request for production of documents. Because of alleged difficulty in locating work records and employment histories, Rose failed to comply with the orders compelling discovery. In August 1984, a year after the initial request, the Director moved for the imposition of sanctions, and in November 1984 an ALJ issued such an order. The sanctions imposed required Rose to admit for the purpose of the hearing that he worked for fewer than ten years in the coal mine industry and restricted him from submitting additional medical evidence.
 
 
 6
 A hearing was held in May 1985 before another ALJ, who determined that he was bound by the earlier imposition of sanctions. In December 1985 the ALJ issued a decision and order denying benefits, finding that because Rose had fewer than ten years of coal mine employment, his claim was to be adjudicated under the permanent regulations of 20 C.F.R. Sec. 410.401-.476, and that Rose had not established, as required, that his pneumoconiosis arose out of coal mine employment. 20 C.F.R. Sec. 410.416(b). The ALJ added that Rose was also not eligible for the interim presumption of Sec. 410.490 because he lacked ten years coal mine employment. See id. at Sec. 410.490(b)(2) (cross-referencing Sec. 410.416). The Benefits Review Board affirmed the ALJ's decision in April 1988, noting in particular that prior findings by the Department of Health and Human Services (HHS)--of which SSA is a part--that Rose had ten years of coal mine employment were not binding on the Department of Labor. This appeal followed.
 
 II
 
 7
 Because Rose filed for black lung benefits in 1972, he is entitled to have his claim considered under the interim adjudicatory rules of either 20 C.F.R. Sec. 410.490 or 20 C.F.R. Sec. 727.203. Broyles v. Director, OWCP, 824 F.2d 327 (4th Cir.1987), aff'd sub nom. Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988). Ten years of coal mine employment is a significant element of a claim under either regulation: it is a threshold requirement for invocation of Sec. 727.203, and under Sec. 410.490 it establishes the presumption that a miner's pneumoconiosis arose from coal mine employment. See 20 C.F.R. Sec. 410.490(2) (cross-referencing 20 C.F.R. Sec. 410.416). Because the Director does not contest that Rose has pneumoconiosis, it appears that if Rose can prove he had ten years of coal mine employment, he should be entitled to benefits under either regulation.
 
 
 8
 Under these circumstances, and in a situation where the medical and employment records the Director sought to discover were old and difficult to obtain, we think that it was an abuse of discretion for the ALJ to impose the ultimate, essentially dispositive, sanction of requiring Rose to admit that he had fewer than ten years coal mine employment. Not only did this severely hinder Rose's ability to invoke the interim regulatory presumptions, it flatly prohibited his recourse to the existing record of coal mine employment compiled during his application for benefits under SSA, and prevented consideration of the finding by the SSA Appeals Council that Rose indeed had at least ten years of coal mine employment. Our judgment that the sanctions were an abuse of discretion is also consistent with statutory language indicating that a claimant seeking review by the Department of Labor of a claim denied by HHS may rest on medical and other evidence already on file. 30 U.S.C. Sec. 945(b)(2)(A).
 
 III
 
 9
 We therefore vacate the Benefits Review Board decision denying Rose benefits and remand for reconsideration, on the basis of the existing record supplemented by such relevant evidence as the claimant may be able to proffer in timely fashion, id. at Sec. 945(b)(2)(B), of the length of Rose's coal mine employment. While findings of HHS are not binding on this reconsideration by the Department of Labor, HHS' determination that Rose had at least ten years of coal mine employment should be entitled to some weight. Cf. Gastineau v. Matthews, 577 F.2d 356, 360 (6th Cir.1978) (finding of disability by SSA can lend support to Department of Health, Education & Welfare's determination of miner's total disability); Penix v. Califano, 474 F.Supp. 31, 36 (N.D.Ind.1978), aff'd 605 F.2d 559 (7th Cir.1979) (same).
 
 
 10
 VACATED AND REMANDED.