902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack ROBINETTE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-1144.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1990.
Decided April 27, 1990.
 
 On Petition for Review of an Order of the Benefits Review Board. (No. 86-215-BLA)
 Thomas Hammond Zerbe, Larry L. Rowe, Attorneys at Law, Charleston, W.Va., (argued), for petitioner; Larry L. Rowe, Larry L. Rowe, Attorneys at Law, Charleston, W.Va. on brief.
 Sylvia Theresa Kaser, Counsel for Appellate Litigation, Office of the Solicitor, United States Department of Labor, Washington, D.C., for respondent; Robert P. Davis, Solicitor of Labor; Donald S. Shire, Associate Solicitor for Black Lung Benefits; Maria C. Lisowski, Richard Zorn, Office of the Solicitor, United States Department of Labor, Washington, D.C., on brief.
 Ben.Rev.Bd.
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and J. FREDERICK MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 In this case, Jack Robinette seeks review of the decision of the Benefits Review Board ("BRB" or "Board") affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. Specifically, Robinette contends that the Board erred in finding that the Director, Office of Workers' Compensation Programs[1] ("Director") had rebutted the presumption of total liability by proving that the disability did not arise out of his coal mining employment. He also claims that the Board erred in not remanding the case back to the Administrative Law Judge for reconsideration under the less restrictive criteria of 20 C.F.R. Sec. 410.490. In light of this court's decision in Taylor v. Clinchfield Coal Co., --- F.2d ----, No. 87-3852 (4th Cir.1990), we reverse and remand the Board's decision with instructions to award benefits under the interim Health, Education and Welfare regulations found in 20 C.F.R. Part 410.
 
 I.
 
 2
 On March 23, 1973, Jack Robinette filed an application with the Social Security Administration for disability income benefits under Part B of the Black Lung Benefits Act. In 1978, he filed an election to have his claim reviewed by the Social Security Administration ("SSA"). After the claim was denied by the SSA, it was reviewed by the Department of Labor under Part C of the Black Lung Benefits Reform Act. The Department also administratively denied the claim, and Robinette requested a formal hearing.
 
 
 3
 A hearing was held before Administrative Law Judge James J. Butler ("ALJ") on July 10, 1985. At that hearing, the Director stipulated that Robinette had worked 30 years in coal mine employment, had pneumoconiosis, and that pneumoconiosis was a causal factor in his disability. The only issue contested by the Director was whether Robinette was totally disabled as defined by the Act. On December 24, 1985, the ALJ issued an order denying benefits. The order stated that Robinette was entitled to the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a)(1) that he was totally disabled because of pneumoconiosis arising out of his coal mine employment. However, the ALJ also concluded that this presumption had been rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2) ("(b)(2) rebuttal") because the preponderance of the evidence established that Robinette was not totally disabled because of pneumoconiosis. Robinette appealed the decision to the Board.
 
 
 4
 In its decision, the BRB reversed the ALJ's finding that the (b)(2) rebuttal was established, but it also reversed, sua sponte, the ALJ's conclusion that the 20 C.F.R. Sec. 727.203(b)(3) rebuttal ("(b)(3) rebuttal") was not established.[2] It found that the ALJ's rebuttal findings under subsection (b)(2) were affirmable under subsection (b)(3) because of the intervening pronouncement in Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987).[3] Holding that the presumption had been rebutted under (b)(3), the Board denied any benefits to Robinette under 20 C.F.R. Part 727, but remanded the case to the ALJ for consideration of entitlement under 20 C.F.R. Sec. 410.490.
 
 
 5
 The Director filed a Motion for Reconsideration of the remand, and on June 23, 1988, the Board issued an Order on Reconsideration affirming the ALJ's denial of benefits. In its decision, the Board held that section 410.490 was inapplicable to Robinette's claim because, as applied, the section violated the Administrative Procedure Act.[4] It, therefore, granted the Director's Motion for Reconsideration and affirmed the ALJ's denial of benefits.
 
 
 6
 Robinette then appealed these decisions to this Court.
 
 II.
 
 7
 The Black Lung Benefits Act provides benefits to former coal mine employees who are totally disabled because of pneumoconiosis. Black lung benefit claims filed before July 1, 1973 were evaluated according to "interim" regulations promulgated by the former Department of Health, Education and Welfare (HEW). See 20 C.F.R. Sec. 410.490. These regulations were part of Part B of the Black Lung Benefits Act to be administered by HEW. The regulations established a rebuttable presumption that a miner is totally disabled because of pneumoconiosis if certain criteria were met. See 20 C.F.R. Sec. 410.490(b). The regulations also provided that the presumption of total disability could be rebutted by evidence that the miner was doing his usual coal mine work or comparable and gainful work or was able to do such work.[5] 20 C.F.R. Sec. 410.490(c).
 
 
 8
 In 1978, Congress amended the Black Lung Benefits Act and directed the Secretary of Labor to establish permanent regulations to be applied to claimants under Part C of the Act. It also instructed the Secretary to reopen claims that had been denied prior to the effective date of the 1978 amendments. 30 U.S.C. Sec. 945. In adjudicating these reopened claims, the criteria applied by the Department of Labor ("DOL") were to be "not more restrictive than criteria applicable to a claim filed on June 30, 1973." 30 U.S.C. Sec. 902(f)(2). In response to this mandate, the Secretary promulgated the regulations found in 20 C.F.R. Part 727.[6] Under section 727.203, a presumption of total disability, similar to that provided for in 20 C.F.R. Sec. 410.490, may be rebutted in any of four ways pursuant to section 727.203(b): (b)(1) if the miner is still "doing his usual coal mine work or comparable and gainful work;" (b)(2) if the miner "is able to do his usual coal mine work or comparable and gainful work;" (b)(3) if the total disability of the miner "did not arise in whole or in part out of coal mine employment; or (b)(4) if the miner "does not, or did not, have pneumoconiosis." 20 C.F.R. Sec. 727.203(b).
 
 
 9
 In Taylor v. Clinchfield Coal Co., --- F.2d ----, No. 87-3852 (4th Cir.1990), this court held that the additional means of rebuttal found under section 727.203(b), but not found in section 410.490(c), violate 30 U.S.C. Sec. 902(f)(2).[7] See also Dayton v. Consolidation Coal Co., --- F.2d ----, No. 89-3203 (4th Cir.1990). Therefore, Robinette is entitled to have his claim evaluated under the more lenient rebuttal provisions of 20 C.F.R. Part 410.[8]
 
 
 10
 As noted above, 20 C.F.R. Sec. 410.490(c) provides for rebuttal of the presumption of total disability only by evidence that the claimant is, in fact, doing or is able to do his usual coal mine work or comparable and gainful work. In reversing the ALJ's finding that rebuttal was established under 20 C.F.R. Sec. 727.203(b)(2), the BRB acknowledged that Robinette was totally disabled and unable to continue his coal mining or comparable employment. Therefore, pursuant to this court's decision in Taylor, the Director has no other available means to rebut Robinette's presumption of disability.[9] Consequently, we find no reason to remand this case for any further consideration of the evidence.
 
 
 11
 Accordingly, the decision of the Board is reversed and we remand Robinette's claim to the Board with instructions to award benefits pursuant to 20 C.F.R. Sec. 410.490.
 
 
 12
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The Deputy Commissioner in the Office of Workers' Compensation Programs dismissed the coal mine operator and transferred potential liability to the Black Lung Disability Trust Fund pursuant to the 1981 Amendments to the Black Lung Benefits Act
 
 
 [2]
 Rebuttal under (b)(3) is recognized when the evidence establishes that the miner's disability did not arise out of the coal mining employment
 
 
 [3]
 In Sykes, this court stated:
 Section 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason. There is no inquiry into causation in a proper Sec. 727.203(b)(2) rebuttal.... Causation is addressed in Sec. 727.203(b)(3). Once the miner's disability is conceded, then the question arises whether the disability is unrelated to mine work.
 Sykes, 812 F.2d at 894. Before our opinion in Sykes, the BRB had taken the position that an employer may rebut the interim presumption under section 203(b)(2) by showing that a miner, while concededly totally disabled, is not disabled for pulmonary or respiratory reasons. This apparently had also been the position of the Director's counsel and the ALJ in the present case.
 
 
 [4]
 The BRB relied on its own decision in Whiteman v. Boyle Land and Fuel Coal Co., BRB No. 87-348 (May 2, 1988), for this position. The Supreme Court's decision in Pittston Coal Group v. Sebben, 488 U.S. ----, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988), however, effectively overruled Whiteman. All parties now acknowledge that the BRB was incorrect in its reasoning on this issue, and the arguments presented in this appeal do not rely on that reasoning
 
 
 [5]
 These rebuttals are the equivalent of those found in 20 C.F.R. Sec. 727.203(b)(1) and (b)(2)
 
 
 [6]
 The regulations apply to claims filed after July 1, 1973, but before April 1, 1980
 
 
 [7]
 This issue had been left open in Pittston Coal Group v. Sebben, 488 U.S. ----, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988). In Sebben, the Supreme Court affirmed this court's holding in Broyles v. Director, OWCP, 824 F.2d 327 (4th Cir.1987), that the invocation provisions of the DOL interim presumption at Sec. 727.203(a) violated 30 U.S.C. Sec. 902(f)(2) by being more restrictive than the HEW invocation provisions. The Court, however, expressly declined to consider the validity of the rebuttal provisions of the DOL interim regulations at Sec. 727.203(b). Sebben, 488 U.S. at ----, 109 S.Ct. at 424, 102 L.Ed.2d at 424
 
 
 [8]
 This result is also consistent with the case law of the Seventh Circuit under Taylor v. Peabody Coal Co., 892 F.2d 503 (7th Cir.1989), but contravenes Bethenergy Mines, Inc. v. Director, OWCP, 890 F.2d 1295 (3d Cir.1989), and Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989). We recognize this conflict among the circuits and hope either that Congress will act to clarify these confusing regulations or that the Supreme Court will definitively resolve this conflict
 
 
 [9]
 Despite dicta in other cases that might support arguments to the contrary, the presumption invocation provision of section 410.490(b)(2), through its cross-reference to section 410.416, does not provide for rebuttal equivalent to that provided for in section 727.203(b)(3). Section 410.416 addresses the cause of the miner's disease, not the cause of his disability. As explained by the Supreme Court:
 [P]aragraph [410.490](b)(2) ... provides (by cross references to Secs. 410.416 and 410.456) that a presumption of disease causation is established by ten years of coal mine employment. (To be sure, Secs. 410.416 and 410.456 permit rebuttal of the presumption [of disease causation], but it is plainly not the intended purpose of paragraph (b)(2) to serve as a rebuttal provision rather than a substantive requirement.)
 Sebben, 488 U.S. at ----, 102 L.Ed.2d at 424 (emphasis added). Therefore, the only way to rebut the presumption under Sec. 410.490 is by evidence with respect to total disability.